IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| ALLISON PARKS,<br><br>     Plaintiff,<br><br>v.<br><br>BOURBON BROTHERS SMOKEHOUSE AND TAVERN GA LLC,<br><br>     Defendant. | Civil Action No.:<br>_____<br><br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff Allison Parks (hereinafter "Plaintiff Parks"), and files this, her Complaint for Damages against Defendant Bourbon Brothers Smokehouse and Tavern GA LLC (hereinafter "Defendant Bourbon Brothers"), showing the Court the following:

**INTRODUCTION**

1.      Plaintiff Parks sustained a disabling back injury in 2021. After multiple surgeries, she has permanent work restrictions prohibiting her from lifting objects weighing more than twenty pounds and going up and down stairs. With accommodation, she has continued to work in the restaurant industry. During the hiring interview, Plaintiff Parks discussed her lifting restrictions with manager Kim

1

Fox, who agreed that carrying trays was not an essential function of a server, because Defendant Bourbon Brothers employed food runners.

However, shortly after hiring her, Defendant Bourbon Brothers sent a message terminating her employment because of her disability:



Prior to terminating Plaintiff Parks' employment for "concerns with your back," Defendant Bourbon Brothers gave Plaintiff Parks no disciplinary warnings. At the EEOC, Defendant Bourbon Brothers shifted its reason for termination and disclosed new pre-textual reasons. Plaintiff brings this lawsuit to seek recovery for Defendant Bourbon Brothers violations of the Americans with Disabilities Act.

## THE PARTIES

2. Plaintiff Parks is a former employee of Defendant Bourbon Brothers. She is a citizen of the State of Georgia who resides at 934 Orchard Brook Drive, Gainesville, GA 30504.

3. Defendant Bourbon Brothers is located at 312 Jesse Jewell Parkway, Gainesville, GA. Defendant Bourbon Brothers employs more than fifteen people.

Defendant Bourbon Brothers may be served via its registered agent, Robert Mudd at 1247 Lakestone Court, Gainesville, GA 30501.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution and 28 U.S.C. § 1331 because this case arises under the Americans with Disabilities Act.

5. Venue is proper in this court under 28 U.S.C. § 1391 because Defendant Bourbon Brothers is located in this judicial district and the events giving rise to the claims herein arose in this judicial district.

6. This Court has personal jurisdiction over Defendant Bourbon Brothers because it is a Georgia LLC with offices and other locations in this district and it transacts significant business in this district.

7. All conditions precedent to the institution of this suit have been fulfilled. On March 26, 2024, Plaintiff Parks timely filed a charge with the Equal Employment Opportunity Commission, Charge No. 410-2024-06510. The Notice of Right to Sue issued on June 7, 2024. This action has been filed within ninety days of receipt of said Notice.

## FACTUAL ALLEGATIONS

**A. Plaintiff Parks' disability.**

8. Plaintiff Parks is a disabled individual.

9. On December 7, 2021, she sustained a disabling injury that crushed multiple vertebra in her back. She had multiple disc bulges and mild to severe foraminal stenosis at C5-6.

10. She has undergone multiple back surgeries but despite this, her medical impairment makes it significantly difficult for her to lift and repetitively climb stairs.

11. Plaintiff Parks has indefinite work restrictions prohibiting her from lifting objects weighing more than twenty pounds and going up and down stairs.

12. Plaintiff Parks continued to work in the restaurant industry following her disabling injury.

**B. Plaintiff Parks' employment with Defendant Bourbon Brothers.**

13. Plaintiff Parks is a former server for Defendant Bourbon Brothers.

14. Defendant Bourbon Brothers hired Plaintiff Parks on or around March 6, 2024 as a server.

15. During her interview, Plaintiff Parks informed hiring manager Kim Fox of her inability to carry trays due to a medical impairment.

16. She explained that her lifting restrictions prevented her from carrying trays of drinks or food.

17. Ms. Fox responded that was okay because Defendant Bourbon Brothers employed food runners whose duty was to carry trays.

18. Plaintiff Parks successfully completed her training, and Defendant Bourbon Brothers assigned her to regular shifts.

19. On or around March 8, 2024, Plaintiff Parks asked for a reasonable accommodation of being assigned to areas that did not require use of stairs.

20. Defendant Bourbon Brothers had many areas where Plaintiff Parks could work without stairs as well as an elevator that it typically limited to customers.

21. Despite her lifting restrictions, Plaintiff Parks performed her job. Plaintiff Parks could make multiple trips each with a few items and food runners worked during all of her shifts.

22. On March 12, 2024, Defendant Bourbon Brothers terminated Plaintiff Parks' employment because of her disability and/or in retaliation for requesting a reasonable accommodation.

23. That day, Defendant Bourbon Brothers sent Plaintiff Parks a message saying, "after speaking with the General Manager and concerns with your back and not being able to carry trays, turn over hall chairs or climb stairs to Mezzanine and Bourbon Toom as well as concerns of you being able to handle the fast pace in the restaurant, we are unfortunately going to have to let you go from your employment with Bourbon Brothers."

24. Prior to her termination, Plaintiff Parks never received complaints or warning regarding pace.

25. At all times, Plaintiff Parks kept up with the pace.

26. Plaintiff Parks is physically able to flip chairs.

27. At the EEOC state, Defendant Bourbon Brothers raised new, pre-textual reasons for terminating Plaintiff's employment.

## COUNT ONE: ADA DISCRIMINATORY DISCHARGE

28. Plaintiff Parks incorporates by reference the allegations set forth in the preceding paragraphs of her Complaint as if fully set forth herein.

29. At all times relevant hereto, Plaintiff Parks had a disability or was regarded as disabled by Defendant Bourbon Brothers. 29 C.F.R. 1630.2(g).

30. At all times relevant hereto, Plaintiff Parks had or was regarded as having a condition that substantially limits major life activities, including, but not limited to lifting, reaching, pushing, pulling, and climbing stairs/walking pursuant to 42 U.S.C. 12102(2)(A) and 29 CFR 1630.2(i)(1)(i), and which limits the operation of major bodily functions, such as muscular functions and musculoskeletal functions.

31. Plaintiff Parks was at all relevant times qualified for her position and able to perform all of the essential functions of this position with or without a reasonable accommodation(s).

32. Defendant Bourbon Brothers terminated Plaintiff Parks' employment because of her disability and/or because it regarded her as disabled.

33. As a direct result of Defendant Bourbon Brothers' termination of Plaintiff Parks' employment, Plaintiff Parks has suffered and continues to suffer damages from that wrongful act and is entitled to the relief sought in the prayer for relief.

## **COUNT TWO: FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA**

34. Plaintiff Parks incorporates by reference the allegations set forth in the preceding paragraphs of her Complaint as if fully set forth herein.

35. At all times relevant herein, Plaintiff Parks had a disability or was regarded as disabled by Defendant Bourbon Brothers. 29 C.F.R. 1630.2(g).

36. At all times relevant hereto, Plaintiff Parks had or was regarded as having a condition that substantially limits major life activities, including, but not limited to lifting, reaching, pushing, pulling, and climbing stairs/walking pursuant to 42 U.S.C. 12102(2)(A) and 29 CFR 1630.2(i)(1)(i), and which limits the operation of major bodily functions, such as muscular functions and musculoskeletal functions.

37. Plaintiff Parks was at all relevant times qualified for her position and able to perform all of the essential functions of this position with or without a reasonable accommodation.

38. Despite Plaintiff Parks' requests for reasonable accommodations of being assigned to areas that did not require use of stairs and not carrying trays,

Defendant Bourbon Brothers discriminated against the qualified Plaintiff Parks by failing to provide reasonable accommodations during her employment.

39. Defendant Bourbon Brothers failed to provide Plaintiff Parks with the reasonable accommodation of being assigned to areas that did not require use of stairs and not carrying trays and further violated the ADA by terminating her employment because of her disability after failing to provide an accommodation. Had Defendant Bourbon Brothers given Plaintiff Parks the requested accommodation, it would have allowed Plaintiff Parks to perform the essential functions of her job (to the extent she was not able to perform this at the time of her termination).

40. Defendant Bourbon Brothers failed to engage in an interactive process regarding said accommodations, and said accommodations did not impose an undue hardship on Defendant Bourbon Brothers' business. 42 U.S.C. § 12112(b)(5)(A).

41. As a direct result of Defendant Bourbon Brothers' refusal to provide Plaintiff Parks with reasonable accommodations, Plaintiff Parks has suffered and continues to suffer damages from that wrongful act and is entitled to the relief sought in the prayer for relief.

### COUNT THREE: ADA RETALIATION FOR REQUESTING A REASONABLE ACCOMMODATION

42. Plaintiff Parks incorporates by reference the allegations set forth in the preceding paragraphs of her Complaint as if fully set forth herein.

43. At all times relevant herein, Plaintiff Parks had a disability or was regarded as disabled by Defendant Bourbon Brothers. 29 C.F.R. 1630.2(g).

44. At all times relevant hereto, Plaintiff Parks had or was regarded as having a condition that substantially limits major life activities, including, but not limited to lifting, reaching, pushing, pulling, and climbing stairs/walking pursuant to 42 U.S.C. 12102(2)(A) and 29 CFR 1630.2(i)(1)(i), and which limits the operation of major bodily functions, such as muscular functions and musculoskeletal functions.

45. Plaintiff Parks was at all relevant times qualified for her position and able to perform all of the essential functions of this position with or without a reasonable accommodation.

46. Plaintiff Parks engaged in protected activity when she requested a reasonable accommodation from Defendant Bourbon Brothers.

47. Defendant Bourbon Brothers took an adverse employment action against Plaintiff Parks by terminating her employment.

48. Defendant Bourbon Brothers took the adverse employment action because of Plaintiff Parks' protected activity.

49. As a direct result of Defendant Bourbon Brothers' retaliatory termination of Plaintiff Parks' employment, Plaintiff Parks has suffered and

continues to suffer damages from that wrongful act and is entitled to the relief sought in the prayer for relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Parks respectfully prays this Court grant the following relief:

a. That Plaintiff Parks have and recover from Defendant Bourbon Brothers lost back pay and benefits, with prejudgment interest thereon;

b. That the Court award front pay and benefits in an amount sufficient to compensate her for the loss of future salary and fringe benefits;

c. That Plaintiff Parks have and recover compensatory damages in an amount to be determined by a jury;

d. That Plaintiff Parks have and recover punitive damages in an amount to be determined by a jury;

e. That Plaintiff Parks recover her attorneys' fees, litigation expenses and costs pursuant to all applicable federal laws; and

f. Any and other such further relief this Court or the Finder of Fact deems equitable and just.

## JURY DEMAND

Plaintiff demands a trial by jury for all issues so triable.

This 21st day of June, 2024.

           Respectfully submitted,

By:   */s/ **Julie H. Burke***
      Julie H. Burke
      Georgia State Bar No. 448095
      HILL, KERTSCHER & WHARTON, LLP
      3625 Cumberland Blvd., SE, Ste. 1050
      Atlanta, GA  30339-6406
      Telephone:  770-953-0995
      E-mail:  jb@hkw-law.com

      *Attorney for Plaintiff*